WESTERN UNION TELEGRAPH CO. v. GEST. (No. 5377.)

(Court of Civil Appeals of Texas. Austin. Oct. 14, 1914. Rehearing Denied Dec. 23, 1914.)

1. TELEGRAPHS AND TELEPHONES (§ 74*) — FAILURE TO DELIVER—INSTRUCTIONS.

An instruction that, if a telegram was delivered to and accepted by defendant for transmission and delivery to plaintiff's wife and defendant was negligent, as had been defined, in the transmission and delivery, and as the proximate and direct result of said negligence plaintiff's wife was prevented from being present at her father's funeral, and that but for such negligence she could and would have been present plaintiff was entitled to recover, was a correct statement of the law.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 77; Dec. Dig. § 74.*]

2. TRIAL (§ 191*) — INSTRUCTIONS — ASSUMPTION OF FACTS.

Such instruction was not bad as assuming facts.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

3. TELEGRAPHS AND TELEPHONES (§ 71*) — MENTAL ANGUISH—AMOUNT OF RECOVERY.

In an action for damages for mental anguish from defendant's failure to deliver a telegram informing plaintiff's wife that her father was dead, whereby she missed attending his funeral, a verdict for $1,050 held not excessive.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 74; Dec. Dig. § 71.*]

Appeal from District Court, Montgomery County; J. Llewellyn, Judge.

Action by Charles Gest against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Hume & Hume, of Houston, and Geo. H. Fearons, of New York City, for appellant. W. N. Foster, of Conroe, for appellee.

KEY, C. J. This is a suit for damages for mental anguish alleged to have resulted from the negligence of the telegraph company in failing to transmit and deliver a telegram to Mrs. Carrie Gest, wife of appellee, informing her of the fact that her father was dead, and that his funeral would occur on the following day. A verdict and judgment for $1,050 were rendered for the plaintiff, and the defendant has appealed.

[1, 2] Appellant assigns error upon the fourth paragraph of the court's charge to the jury, which reads as follows:

"Now, if you find and believe from a preponderance of the evidence that the telegram set out in plaintiff's petition was delivered to and accepted by the defendant, the Western Union Telegraph Company, for transmission and delivery to Mrs. Carrie Gest, the wife of the plaintiff, Charles Gest, at the town of Conroe, Tex., at the time and under the circumstances alleged in said petition, and that the defendant was guilty of negligence, as that term has hereinbefore been defined, in the transmission and delivery of the same, and that as the proximate and direct result of said negligence, if any, plaintiff's wife was prevented from being present at the funeral of her father, Edward V. Hemmenway, and that but for such negligence she could and would have been present at the funeral of her said father, you will find for the plaintiff; otherwise, you will find for the defendant and so state in your verdict."

By the propositions submitted under the assignment of error which complains of that charge, appellant contends: (1) That it was misleading, confusing, and not in conformity with the pleadings and evidence; (2) that it assumed that there was evidence to show that the telegram set out in the plaintiff's petition was delivered to and accepted by appellant for transmission and delivery to Mrs. Gest, there being no evidence to support such assumption; and (3) that the charge referred to authorized the plaintiff to recover, although the evidence failed to show a contract for the benefit of Mrs. Gest, and failed to show negligence as affecting Mrs. Gest. We overrule all of the objections referred to, and hold that the charge complained of embodied a correct, though terse, application of the law to the evidence.

[3] The other assignments complain because the court refused to instruct a verdict for the defendant, and assail the verdict as being unsupported by the testimony. The verdict is large, but we cannot say that it is so large as to justify the conclusion that the jury was actuated by an improper motive. The verdict of the jury involves findings in favor of the plaintiff on all the issues submitted in the charge above quoted, and, there being testimony to support such findings, we so find the facts.

No error being shown, the judgment is affirmed.

Affirmed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes